# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE WESLEY,<br><br>　　　　　　　　　Plaintiff,<br>　vs.<br><br>NEW BREED LOGISTICS, et al.,<br><br>　　　　　　　　　Defendants. | CASE NO. 12-CV-2419-LAB-RBB<br><br>**ORDER DENYING EXTENSION OF TIME TO FILE OPPOSITION; AND**<br><br>**AMENDED ORDER OF DISMISSAL** |

　　　　On October 12, 2012, Defendants filed a motion to dismiss the complaint for failure to state a claim, with a hearing date of January 7, 2012. Under this Court's Civil Local Rule 7.1(e)(2), the opposition was therefore due 14 calendar days earlier. Because the courthouse was closed on December 24, under Fed. R. Civ. P. 6(a)(3), the opposition was due no later than December 26.  Plaintiff George Wesley did not file an opposition when due, however, and Defendants filed a notice pointing this out. On December 28, 2012, Wesley submitted a request for extension of time to file his opposition. Because it was not in the proper form, it was accepted by discrepancy order on January 2, 2013, *nunc pro tunc* to December 28.

　　　　On January 3, the Court issued an order construing Wesley's failure to file a timely opposition as consent to the motion's being granted, and dismissing the complaint with prejudice.

- 1 -

**Motion for Extension**

Wesley motion for extension of time says he knew of the January 7 hearing, but wanted an extension of time. No reason for the extension is given; the motion merely says "The Plaintiff needs extra time to compile an opposition argument against above mentioned defendants." This isn't an adequate explanation, particularly because Wesley has had two and a half months to prepare his opposition. The body of the motion to dismiss is only eight pages long, and Wesley's earlier filings show he is capable of drafting and filing substantial legal documents. In addition, the request was filed two days after the opposition was due.

Under Fed. R. Civ. P. 6(b)(1)(A), the Court may extend time on a party's request, if the request is made before the time expires. Under Rule 6(b)(1)(B), the Court may extend time on a party's motion, provided the party failed to act because of "excusable neglect." Under either provision, good cause is required. The facts discussed above suggest the absence of good cause, and Wesley has not shown excusable neglect. Rather, the record suggests The request is therefore **DENIED**.

**Amended Dismissal**

Under Civil Local Rule 7.1(f)(3)(c), the Court may construe Wesley's failure to file an opposition as consent to the motion's being granted.

The complaint brings Title VII claims for age and national origin discrimination in employment, and sexual harassment, as well as a supplemental claim for defamation in connection with Wesley's employment relationship. The motion to dismiss points out Wesley never exhausted his age or national origin discrimination claims as required, and that his defamation claim is time-barred. It also points out that, while an employer might be liable, the individual defendants are not liable under Title VII. Nor would they be liable under the ADEA. *See Miller v. Maxwell's Int'l Inc.*, 991 F.2d 583, 587 (9th Cir.1993) (holding that Title VII, the ADA, and the ADEA do not impose individual liability on employees).

These are serious problems for Wesley's claims and would merit dismissal with prejudice of these claims. The Court is mindful of its "duty to ensure that pro se litigants do not lose their right to a hearing on the merits of their claim due to ignorance of technical

procedural requirements." See *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990) (citations omitted). But that does not appear to be a danger here. Rather, it appears these claims would fail even if Wesley were given more time to formulate his opposition. In other words, Wesley is not losing his right to a hearing on the merits because of a mere technical error.

The Court's earlier order of dismissal, however, dismissed the entire complaint with prejudice. But, on review, the motion to dismiss only sought dismissal of some claims with prejudice. The order of dismissal entered January 3, 2013 is therefore **WITHDRAWN** and the Clerk is directed to remove it from the docket. Instead of dismissing the entire action with prejudice, the Court instead **DISMISSES WITH PREJUDICE** Wesley's claims for age and national origin discrimination and for defamation, and his discrimination and defamation claims against the individual Defendants Larry Huffman, Sandra Hunter, and Janice Saffian. The only remaining claim identified in the complaint is a sexual harassment claim against Defendant new Breed Logistics. The complaint is **DISMISSED WITHOUT PREJUDICE**.

If Wesley wishes to file an amended complaint, he must do so no later than January 31, 2013. The amended complaint must not include any claims dismissed with prejudice or it will be subject to dismissal. He is also reminded that any amended complaint must comply with the requirements set forth in Fed. R. Civ. P. 8(a).

**IT IS SO ORDERED**.

DATED: January 12, 2013

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge